## Case No. 5,121.

### FRIEND v. WASHINGTON.

[2 Cranch, C. C. 19.] [1]

Circuit Court, District of Columbia. Dec. Term, 1810.

This was an appeal from the judgment of a justice of the peace for a penalty incurred under the 5th section of the by-law of the 17th of April, 1806 [Wash. Corp. Laws, 30], for offering for sale bread of insufficient weight. By the 4th section, it was the duty of the mayor, or register, to ascertain and publish in the last week of every month the cash price of superfine flour; and the price so published was to be the standard by which the weight of bread was to be regulated for the month succeeding, according to the rule prescribed in the 3d section. This price not having been ascertained and published in the last week of the month preceding the supposed offence, THE COURT reversed the judgment.

## Case No. 5,122.

### The FRIENDSHIP.

## Case No. 5,123.

### The FRIENDSHIP.

[2 Curt. 426.] [2]

Circuit Court, D. Maine. Sept. Term, 1855.

CURTIS, Circuit Justice. This is a petitory action to try the title of the libellant to one half the schooner Friendship. It is objected that the court has not jurisdiction. But I consider that question settled for this circuit by the case of The Tilton [Case No. 14,054]. It is also insisted that it is admit-

[1] [Reported by Hon. William Cranch, Chief Judge.]
[2] [Reported by Hon. B. R. Curtis, Circuit Justice.]

ted by the libel, that one Peter Hardy is the lawful owner of one half of the schooner, and that he is not before the court. But he might have appeared, if he had chosen to do so, and the utmost effect of his non-appearance is, that the court might conclude that he has no desire to have the claimant Haskell deprived of the possession of the vessel. The Valiant, 1 W. Rob. Adm. 64.

Upon the proofs, it appears, in substance, that Haskell, the claimant, obtained his apparent paper title to one half the vessel through a forged bill of sale; and that the libellant is the true and lawful owner thereof. And the question is, whether the other part owner, by failing to appear, can prevent his co-owner from trying his title as against a mere wrongdoer, and having established it, whether the court will not, as against that wrongdoer, decree the possession to the libellant. I am of opinion that it will try the title, and dispossess the fraudulent possessor, even in the absence of the other tenant in common. He has no interest in this dispute, and there is no reason for requiring him to be made a party to it. He may have no wish to have the possession changed; for he may be willing that whichever of these parties may be the true owner of a moiety should possess and manage the vessel. But I cannot presume from his mere silence, that he desires a fraudulent possession to continue, and if he did, I am not prepared to admit that it ought to affect the action of the court. If this were a cause of possession, he, owning a moiety, would have an equal right to the possession if he chose to assert it. But it is a petitory action. The decree divests only the fraudulent and unlawful possession of the claimant. The real part owners will stand wholly unaffected thereby, as respects the employment of the vessel. This objection is overruled.

The decree of the district court [case unreported], establishing the title of the libellant to one moiety of the schooner, and decreeing the possession to him, is affirmed.

## Case No. 5,124.

### The FRIENDSHIP.

[1 Gall. 45.] [1]

Circuit Court, D. Massachusetts. May Term, 1812.

[1] [Reported by John Gallison, Esq.]